**In re DURACRAFT PRODUCTS, INC., Debtor.**

**Bankruptcy No. 1–82–00342.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 23, 1982.

George K. Fogg, Cincinnati, Ohio, for Alcan Aluminum Corp.

James C. Cissell, Cincinnati, Ohio, for trustee.

Charles E. Reynolds, Cincinnati, Ohio, for debtor.

## DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

Debtor in this Chapter 7 case was in the business of manufacturing awnings, canopies, and the like. The trustee in the case has come into possession of a check made payable to two payees, debtor being one of them, and Alcan Aluminum Corporation ("Alcan") the other. The amount of the check is $3,500.00. Alcan has filed the present motion requesting that the payees be ordered to endorse the check, and that of the proceeds, $3,150.00 be paid to Alcan.

The facts are not in dispute. Debtor bid on a job for installation of an aluminum canopy at Windsor School, operated by the Cincinnati Board of Education. Debtor turned to Alcan to provide the materials which would be required for debtor to install the aluminum canopy. Alcan agreed to provide the material for the job if, for payment purposes only, it was treated by the Board of Education as a joint vendor. The parties have stipulated that the amount due to Alcan for the materials provided in connection with the job is $3,150.00.

That is the extent of the record in this case. The written Stipulation filed by the parties, contains, so far as documentation is concerned, only documents of the Board of Education. There are no written agreements between the parties or affidavits bearing on oral agreements between the parties. We must decide the question of entitlement to the fund represented by the check entirely upon the facts above stated and such inferences as may be reasonably drawn therefrom.

The position stated by Alcan, movant, is that the check is property of the estate pursuant to 11 U.S.C. § 541(a)(1), but only to the extent of the interest of debtor therein, the remaining interest belonging to Alcan because Alcan is also a payee on the check. Alcan contends that because the parties have stipulated that the amount due Alcan for materials is $3,150.00, this court should recognize an equitable interest of Alcan in the check to that extent. The remaining amount, $350.00, of course, would belong to the bankruptcy estate. Trustee, on the other hand, contends that Alcan is simply a general creditor of debtor and the entire amount represented by the check in the property of the estate. He bases this upon the fact that debtor alone bid on the job, that the building permit was taken out only by debtor, and only debtor invoiced the Board of Education. The trustee recognizes that the joint payee device was intended by Alcan to protect itself because it knew that debtor was having financial problems. He suggests that such effort for protection was ineffectual, and Alcan to protect itself should have secured either a U.S.C. lien or a mechanics lien.

Despite the fact that we are here concerned with a bankruptcy context, we must look to state law to decide issues regarding property interests. *In re Madeline E. Marie Nursing Homes,* 694 F.2d 433, 439 (6th Cir., 1982.) The law of the state of Ohio validates a check made payable to two or more payees. R.C. § 1303.09(A)(4). Further, R.C. § 1303.15(B) provides that a check made payable to more than one payee "is payable to all of them and may be

negotiated, discharged, or enforced only by all of them." These statutory provisions do not resolve the present question. They do, however, shed light upon it, for we must assume that the parties knew the law. Making this assumption, we conclude that it is fair to infer that there was an agreement between the parties that Alcan would furnish the materials for the Windsor School job to be performed by debtor, but only on condition that Alcan be paid for its materials from the payment for the job. This agreement gave rise not to equitable interests in the money represented by the check but to legal interests therein. We see no reason why the agreement between the parties should not be enforceable here. That is, when the check is cashed, Alcan will receive $3,150.00 thereof, and such money is property of the bankruptcy estate only to the extent of the remainder, $350.00, pursuant to the agreement between the parties.

Accordingly, the motion of Alcan is granted. The trustee and Alcan will endorse the check, and the proceeds will be disbursed $3,150.00 to Alcan and $350.00 to the trustee.

SO ORDERED.